33 F.3d 65
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KERR MANUFACTURING COMPANY, Plaintiff-Appellant,
v.
CENTRIX, INC. and William B. Dragan, Defendants-Appellees.
 No. 94-1132.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Centrix, Inc. and William B. Dragan (Centrix) move to dismiss Kerr Manufacturing Company's (Kerr) appeal for lack of jurisdiction and move for sanctions for a frivolous appeal. Kerr opposes and requests oral argument on the motion to dismiss.[1]
 
 
 2
 On October 15, 1993, the United States District Court for the Eastern District of Michigan issued an amended scheduling order that required all dispositive motions to be filed on or before December 3, 1993. The order noted that leave of court would be required to file any paper or brief not in compliance with Local Rule 7.1. On December 3, Kerr filed six motions for summary judgment. On December 15, the district court ordered that the motions be stricken from the record and returned to Kerr. The district court stated that "[i]t is apparent to the court that plaintiff seeks to circumvent the page limits imposed by Local Rule 7.1(b), without seeking leave to file a more lengthy brief, as is permitted by that rule." The district court determined that three of the motions sought summary judgment of non-infringement "regarding interrelated patents" and that all six motions "deal with interrelated disputes arising from contractual arrangements between the parties." Kerr appealed on December 23, 1993.
 
 
 3
 Centrix argues that the December 15 order is an interlocutory order and thus not immediately appealable. We agree. The rare exceptions to the finality requirement, in Cohen v. Beneficial Industrial Loan, 337 U.S. 541 (1949) and Gillespie v. United States Steel Corp., 379 U.S. 148 (1964), clearly do not apply to this interlocutory appeal. Cohen does not apply because, inter alia, the December 15 order may be effectively reviewed on appeal after a final judgment. See Federal Trade Comm'n v. Standard Oil Co. of California, 449 U.S. 232, 246 (1980) (an order that would merge with any final decision on the merits is not appealable under Cohen ). Concerning the Gillespie exception to finality, in Copelands' Enterprises, Inc. v. CNV, Inc., 887 F.2d 1065, 1068 (Fed.Cir.1989), we noted that the Supreme Court and this court have limited the Gillespie finality exception to Gillespie's unique facts.[2]
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Centrix's motion to dismiss is granted.
 
 
 6
 (2) Centrix's motion for sanctions is denied.
 
 
 7
 (3) Kerr's request for oral argument is denied.
 
 
 
 [1]
 Fed.Cir.R. 34(f) states that "[o]ral argument is normally not granted on motions."
 
 
 [2]
 Kerr's argument that Copelands' does not apply to this case is without merit